UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ULISES COPAS-VILLEGAS,<br><br>Defendant. | No.  CR-08-0021-RHW<br>CR-12-0021-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court are Defendant's Motions to Dismiss Indictment, ECF No. 48, and to Dismiss Petition for Violation of Supervised Release, ECF No. 66, both filed on August 10, 2012. A pretrial conference occurred in the above-captioned matter on September 17, 2012, in Spokane. Defendant Ulises Copas-Villegas was present and represented by John Loeffler. Assistant United States Attorney Pam Byerly represented the Government. After reviewing the submitted material and relevant authority and hearing from counsel, the Court is full informed.

Defendant is charged with his second unlawful reentry in violation of 8 U.S.C. § 1326. He now moves to dismiss the Indictment (CR-12-0021-RHW) and underlying petition for violation of Supervised Release (CR-08-0021-RHW). Defendant attempts to collaterally attack his underlying deportation order and argues that immigration officials erroneously concluded that his 2003 state drug conviction constituted an aggravated felony. Defendant contends that conviction was the only basis for his 2004 final administrative removal order, and the Government violated his Due Process rights and he suffered prejudice -- as he should have been advised of his eligibility for voluntary departure. The

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 1**

Government filed its Response in opposition. ECF No. 62. Defendant has replied. ECF No. 63.

## BACKGROUND

On January 17, 2003, Mr. Copas-Villegas was convicted in King County Superior Court, on one felony count of violating the Uniform Controlled Substances Act, Possession with Intent to Deliver a Controlled Substance, Cocaine, in violation of Wash. Rev. Code § 69.50.401(a)(1)(i). ECF No. 48-2, Ex. C. The Washington state court sentenced him to 30 months, finding an exceptional sentence justified. ECF No. 62-1, Ex. 1. Thereafter, on July 31, 2003, the Immigration and Naturalization Service (legacy "INS") initiated deportation proceedings against Mr. Copas-Villegas, an illegal alien, by issuing a Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent"). ECF No. 62-2, Ex. 2. The Notice of Intent stated that Mr. Copas-Villegas would be subjected to expedited administrative removal proceedings based on the previous state narcotics conviction, which the INS determined was an aggravated felony. On August 7, 2003, INS issued a Final Administrative Removal Order, based on the same conclusions as the Notice of Intent, and ordered Mr. Copas-Villegas removed from the United States. ECF No. 48-2, Ex. B. On February 20, 2004, Mr. Copas-Villegas was deported to Mexico. *Id.* at Ex. A.

On February 20, 2008, Mr. Copas-Villegas was found in the United States in Chelan County, and indicted in the Eastern District of Washington, CR-08-021-RHW, for a violation of 8 U.S.C. § 1326. ECF No. 1. Mr. Copas-Villegas was charged federally in connection with three Washington state charges for First Degree Conspiracy to Commit Burglary, Attempting Elude a Police Vehicle, and Possession of a Stolen Firearm. ECF No. 62-3, Ex. 3. Mr. Copas-Villegas pleaded guilty to the state charges on June 2, 2008, and received 23.25 months on Count 1, 6 months on Count 2, and 20 months on Count 3 – all to run concurrently. *Id.* On November 14, 2008, Mr. Copas-Villegas pleaded guilty to one count of illegal

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS \* 2**

reentry, pursuant to a "Fast Track" plea agreement. ECF Nos. 22-23. This Court sentenced him to 33 months on the same date, to run consecutively with his state sentences, and a three-year term of supervised release. ECF No. 24.

After serving his sentences on the 2008 state and federal convictions, Mr. Copas-Villegas was again set up for administrative removal. ECF No. 62 at 3. On March 3, 2011, the Department of Homeland Security ("DHS") issued him a Notice of Intent/Decision to Reinstate Prior Order. ECF No. 62-4, Ex. 4. A final Decision, Order, and Officer's Certification was entered on March 22, 2011, and Mr. Copas-Villegas was served with a Warning to Alien Ordered Removed on Deported on April 1, 2011. *Id.* at Ex. 4-5. Mr. Copas-Villegas was eventually deported on August 11, 2011, pursuant to the reinstatement of his 2004 administrative removal order. ECF No. 48-2, Ex. F.

On or about February 8, 2012, Mr. Copas-Villegas was again found in the United States in Chelan County, Eastern District of Washington, and on February 22, 2012, he was indicted, CR-12-021-RHW, on one count of being an alien in the United States following deportation, in violation of 8 U.S.C. § 1326. ECF No. 19. The Indictment indicates that it is based on the 2011 removal date, which is a reinstatement of the 2004 administrative removal order. *Id*. Mr. Copas-Villegas is also before the Court on the underlying supervised release violation in CR-08-021-RHW. ECF No. 53.

## ANALYSIS

Under 8 U.S.C. § 1326(a), an alien is criminally liable if he is found in the United States after he "has been denied admission, excluded, deported, or removed," without consent of the Attorney General or other advance consent. The existence of a prior removal order is a predicate element in a § 1326 illegal reentry offense. Therefore, under § 1326(d), a defendant charged with this offense may collaterally attack the underlying removal order by establishing: 1) that he exhausted any administrative remedies that were available to seek relief against the

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS \* 3**

order; 2) improper deprivation of the opportunity for judicial review; and 3) that the entry of the deportation order was fundamentally unfair. *United States v. Camacho-Lopez,* 450 F.3d 928, 929 (9th Cir.2006) (citing 8 U.S.C. § 1326(d)).

The Court starts with the last requirement: fundamental unfairness. A deportation order is "fundamentally unfair" if 1) the alien's due process rights were violated during the underlying deportation proceeding and 2) he suffered prejudice as a result. *United States v. Zarate-Martinez,* 133 F.3d 1194, 1197 (9th Cir.1998), *overruled on other grounds by United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc); *see also United States v. Ubaldo-Figueroa,* 364 F.3d 1042 (9th Cir.2004). To demonstrate prejudice, the defendant need only establish he had a "plausible" basis for relief from deportation. *See United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010). The defendant need not prove he would have actually avoided deportation. *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996).

Mr. Copas-Villegas now brings the instant Motion to Dismiss, ECF No. 48, and collaterally attacks the underlying deportation order. Mr. Copas-Villegas argues that his 2004 deportation, upon which the current charge is based, violated his Due Process rights and he suffered prejudice as a result of INS's erroneous conclusion that his prior conviction under Wash. Rev. Code § 69.50.401(a) was an aggravated felony subjecting him to expedited removal under 8 U.S.C. § 1228(b). ECF No. 49. The Government counters that Mr. Copas-Villegas's conviction qualifies as an aggravated felony and Defendant's 2004 removal and 2011 reinstatement of the prior order were valid, comported with due process, and he suffered no prejudice as a result. ECF No. 62.

Under the expedited administrative removal process an individual who has a prior aggravated felony is considered deportable without appearing before an immigration judge, having a hearing, or being advised of any other possible forms of relief. *See* 8 U.S.C. § 1228(b). This conclusion precluded Mr. Copas-Villegas

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 4**

from having a deportation hearing where an immigration judge would have advised him of the voluntary departure option and, had he exercised it, he would not have a prior deportation on his record which makes up the § 1326 charge in this case. ECF No. 49 at 2.

Voluntary departure is precluded from only two classes of immigrants, "those involved in terrorism-related activity (not at issue here), and those . . . convicted of an aggravated felony." *United States v. Ortiz–Lopez,* 385 F.3d at 1202, 1204 n. 3 (internal quotation marks omitted); *see also* 8 U.S.C. § 1229c(b). Thus, the question here is whether Mr. Copas-Villegas's Possession with Intent to Deliver a Controlled Substance, Cocaine, conviction was an aggravated felony. If so, voluntary departure was unavailable to Mr. Copas-Villegas, the underlying deportation proceedings comported with Due Process and the use of the expedited administrative removal proceedings did not prejudice him by precluding him from exercising the voluntary departure option.

### A.    Whether the Prior Felony Was an Aggravated Felony

An aggravated felony is defined in 8 U.S.C. § 1101(a)(43)(B) as: "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Section 924(c)(2) provides that "[f]or purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." This definition provides two options for a state felony to qualify as an aggravated felony: 1) if the state crime "contains a trafficking element" and 2) if the crime would be punishable as a federal felony under the Controlled Substances Act ("CSA"). *See Rendon v. Mukasey,* 520 F.3d 967, 974 (9th Cir.2008). Whether Mr. Copas-Villegas's Washington state narcotic offense is an aggravated felony is analyzed using either

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS \* 5**

the categorical or modified categorical approach. *See United States v. Crawford,* 520 F.3d 1072, 1078 (9th Cir.2008); *Taylor v. United States,* 495 U.S. 575 (1990).

### 1.  Categorical Approach

To categorically qualify as an aggravated felony, the Court compares the elements of the Washington statute to the generic definition of a "drug trafficking" crime. *See Rendon,* 520 F.3d at 974 (describing the categorical and modified categorical approach). The Court looks only to this definition under the categorical approach. "If the statute of conviction criminalizes conduct that would not satisfy the federal definition of the crime at issue, then the conviction does not qualify as a predicate offense." *Pelayo–Garcia v. Holder,* 589 F.3d 1010, 1014 (9th Cir.2009). Here, Mr. Copas-Villegas was convicted of a Violation of the Uniform Controlled Substances Act, Possession with Intent to Deliver a Controlled Substance, Cocaine, in violation of Revised Code of Washington § 69.50.401(a) which provides:

> (a) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to
> Manufacture or deliver, a controlled substance.
> (1) Any person who violates this subsection with respect to:
> (i) a controlled substance classified in Schedule I or II which is a narcotic drug . . . is guilty of a crime and upon conviction may be imprisoned for not more than ten years[.]

Wash. Rev. Code § 69.50.401(a)(1)(i) (2003). Mr. Copas-Villegas pleaded guilty to "possess[ion] with intent to manufacture or deliver cocaine, a controlled substance . . . and did know it was a controlled substance." ECF No. 62-6, Ex. 6 at 42. Under the CSA it is a federal crime to knowingly or intentionally "possess with intent to manufacture, distribute, or dispense a controlled substance." 21 U.S.C. § 841(a)(1); *see also* § 841(b)(1)(A)(ii)(II) (listing cocaine as a controlled substance).

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS \* 6**

Mr. Copas-Villegas argues the Washington statute includes conduct that constitutes an aggravated felony and conduct that does not. Specifically, he argues the Washington drug trafficking statute in this case is overbroad, because Revised Code of Washington § 69.50.401(a)(1) encompasses accomplice liability under Revised Code of Washington § 9A.08.020(3).[1] The Government disagrees the statute is overbroad and argues there is no Ninth Circuit case on point to bolster Defendant's argument. The drug statute in this case, by its own terms relates to a controlled substance. Revised Code of Washington § 69.50.401(a)(1) is specifically aimed at controlled substance offenses. *See e.g., Mielewczyk v. Holder*, 575F3d. 992, 998(9th Cir. 2009). Moreover, the Government argues a cursory review of the Defendant's conviction under either the categorical or modified categorical approach, definitively establishes there was no accomplice liability in this case, nor did it involve solicitation.

The Court notes that recently the Ninth Circuit concluded in *United States v. Vargas–Mendoza*, 450 Fed. App'x 588. 589-90 (9th Cir. 2011) (unpublished), that the district court properly applied a 16–level enhancement to the defendant's sentence on the ground that the defendant's prior state conviction for possession of cocaine with intent to deliver under Wash. Rev. Code § 69.50.401 was a drug-trafficking offense within the meaning of U.S.S.G. § 2L1.2. The Circuit held "the district court properly concluded that a conviction under § 69.50.401 is categorically a conviction for a 'drug trafficking offense' as defined by U.S.S.G. § 2L1.2(b)(1)(A)(I)." *Id.* This is the identical statute of conviction for Defendant's 2003 drug cocaine conviction.

---

[1] Wash. Rev. Code § 9A.08.020(3) reads "A person is an accomplice of another person in the commission of a crime if: (a) With knowledge that it will promote or facilitate the commission of the crime, he or she: (i) Solicits, commands, encourages, or requests such other person to commit it; or (ii) Aids or agrees to aid such other person in planning or committing it[.]"

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 7**

In order to find that a statute of conviction describes a crime that falls outside of the generic definition, it must be shown that there is a realistic probability, not a theoretical possibility, that the statute of conviction would be applied to conduct falling outside the generic definition. *Duenas-Alvarez v. Gonzales*, 549 U.S. 183 (2007)*.* In response, Mr. Copas-Villegas asserts that *State v. Evans*, 80 Wash. App. 806, 911 P.2d 1344, 1351 (1996) and *State v. Lopez*, No. 13861-5-III, 1996 WL 426006, at *4 (Wash. App. Ct. July 30, 1996) (unpublished), demonstrate offense conduct that included solicitation, yet the defendant never possessed the drugs that he was convicted of delivering. (ECF No. 63 at 3). The Court is not convinced by Defendant's logic, and finds the line of cases cited by Defendant as distinguishable -- as they dealt with sentencing issues.

That said, the result may be different in an immigration context. In *Thanh Van Le v. Holder*, the sole issue was whether the Board of Immigration Appeals correctly determined that defendant's conviction of possession of a controlled substance with intent to deliver, in violation of Wash. Rev. Code § 69.50.401, was an aggravated felony. 08-74865, 2012 WL 1708172, at *1 (9th Cir. May 16, 2012) (unpublished). In that case, the parties agreed "that the state statute of conviction [was] not categorically an aggravated felony" and the Ninth Circuit held that application of the modified categorical approach was appropriate. *Id*.

Therefore, in light of the differing authority, in order to determine whether Mr. Copas-Villegas's conviction under § 69.50.401(a) qualifies as a drug trafficking offense, the Court proceeds to apply the modified categorical approach. *See United States v. Almazan–Becerra,* 537 F.3d 1094, 1096 (9th Cir.2008).

### 2. Modified Categorical Approach

The modified categorical approach requires that a court "determine, in light of the facts in the judicially noticeable documents, (1) what facts the conviction necessarily rested on (that is, what facts the trier of fact was actually required to find); and (2) whether these facts satisfy the elements of the generic offense."

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 8**

*United States v. Aguila–Montes,* 655 F.3d 915, 940 (9th Cir. 2011). Where the conviction was based on a guilty plea, the Court's review is limited "to those documents 'made or used in adjudicating guilt' such as judicially noticeable documents (also known as *Shepard* documents):

> (1) charging documents; (2) the terms of a written plea agreement; (3) transcripts of a plea colloquy between a judge and the defendant in which the factual basis for the plea was confirmed by the defendant; (4) jury instructions; (5) any explicit factual finding by the trial judge to which the defendant assented; and (6) some comparable judicial record of this information.

*Aguilar-Turcios v. Holder*, --- F.3d ----, 06-73451, 2012 WL 3326618 at *4(9th Cir. Aug. 15, 2012)

Here, the available documents include the Washington judgment, ECF No. 48-2, Ex. C, Facts and Law Supporting Exceptional Sentence, ECF No. 62-1, Ex. 1, Defendant's Statement on Plea of Guilty (*Id*. at 62-6, Ex. 6), and Defendant's Plea Agreement (*Id*. at 62-7, Ex. 7). Defendant's signed Statement on Plea of guilty recited the elements of § 69.50.401(a) and read "In King County, Washington, [Mr. Copas-Villegas] unlawfully and feloniously did possess with intent to manufacture or deliver Cocaine, a controlled substance and narcotic drug, and did know it was a controlled substance. (*Id*. at 62-6, Ex. 6 at 42). Also, Mr. Copas-Villegas admitted to the same, "On Nov 1, 2002, in King County, Washington, I did possess with intent to deliver cocaine, knowing it was a controlled substance." (*Id*. at 52).

Furthermore, the Facts and Law Supporting Exceptional Sentence, to which Mr. Copas-Villegas assented through his counsel, detailed the circumstances surrounding the charge. ECF No. 62-1, Ex. 1 at 17. On November 1, 2002, a confidential cooperating witness ordered two kilograms of cocaine from Mr. Copas-Villegas. *Id*. Upon arrival at the designated meeting location, the witness identified Mr. Copas-Villegas and he was arrested. *Id*. Officers then conducted a

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 9**

search incident to arrest and found two kilograms of cocaine in Mr. Copas-Villegas's vehicle, "an amount that is substantially and numerous times larger than a personal use amount." *Id*.

The Court finds these facts establish the underlying conviction was for a drug trafficking crime punishable under the CSA. See 21 U.S.C. § 841. Thus Defendant's conviction was an aggravated felony. Defendant was not eligible for voluntary departure at his 2004 deportation proceedings, and as such, the Government did not violate his right to Due Process, nor was he actually prejudiced. The Defendant's Motions to Dismiss are denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motions to Dismiss Indictment, Case No. CR-12-0021-RHW, ECF No. 48 and to Dismiss Petition for Violation of Supervised Release, Case No. CR-08-0021, ECF No. 66 are **DENIED.**

2. Defendant's Motions to Expedite, ECF No. 46 in Case No. CR-12-021-RHW and ECF No. 64 in Case No. CR-08-021-RHW are **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and U.S. Probation.

**DATED** this 5th day of October, 2012.

s/Robert H. Whaley
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS \* 10**

q:\rhw\acriminal\2012\copas-villegas\order.dismiss.docx